IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ENDO PHARMACEUTICALS INC. and PENWEST PHARMACEUTICALS CO., <br><br> Plaintiffs, <br><br> v. <br><br> IMPAX LABORATORIES, INC., <br><br> Defendant. | Case No. C. A. No. 07-731-*** |

### IMPAX LABORATORIES, INC.'S MOTION TO STRIKE IMMATERIAL AND IMPERTINENT ALLEGATIONS FROM PLAINTIFFS' COMPLAINT

Defendant and Counterclaim Plaintiff Impax Laboratories, Inc. ("Impax") moves pursuant to Rule 12(f) of the Federal Rules of Civil Procedure to strike certain allegations from Plaintiffs Endo Pharmaceuticals Inc.'s and Penwest Pharmaceuticals Co.'s (collectively "Endo") Complaint that are no longer at issue. The irrelevant allegations relate only to a cause of action that Endo voluntarily withdrew.

1. Count I of Endo's Complaint requested a declaratory judgment that, among other things, certain so-called Paragraph IV Notices served by Impax pursuant to the Federal Food, Drug and Cosmetic Act on Endo are null and void. Impax believed that no cause of action ever existed for Count I. In any event, when certain Food and Drug Administration actions mooted Count I, Impax requested that Endo dismiss Count I, and Endo agreed. Endo dismissed Count I on December 20, 2007. D.I. 11.

2. Impax also requested that Endo dismiss allegations in its Complaint that relate only to Count I, but Endo unreasonably refused. In a conference on the issue, Endo did not assert that the allegations were related to the remaining patent infringement causes of action in the Complaint but rather that they wished to preserve their rights regarding these allegations and that the allegations provided background information.

3.      The statements which Impax seeks to have stricken are as follows: Paragraphs 1-4, 24, 25, 29-32, 35-40 and 44-56 in their entirety. In addition, references to declaratory judgment in Paragraphs 10 and 11 should be stricken since the declaratory judgment count has been dismissed, namely: "for declaratory judgment and, in the alternative" and "the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*" should be stricken from Paragraph 10; and ", and 28 U.S.C. §§ 2201 and 2202" should be stricken from Paragraph 11. Finally, " '250," which is the reference to the unasserted U.S. Patent No, 7,276,250, should be stricken from Paragraph 27.

4.      The above-identified allegations should be stricken under Rule 12(f), which states that "the court may order stricken from any pleading ... any redundant, immaterial, impertinent, or scandalous matter." *See also Seidel v. Lee*, 954 F. Supp. 810 (D. Del. 1996) (striking allegations related to transactions taking place before October 14, 1990, when claims related to such transactions were time barred). In particular, a court should strike as immaterial allegations regarding the adequacy of Paragraph IV Notices from a complaint alleging patent infringement, *Biovail Labs. v. Torpharm, Inc.*, 2003 WL 21254417, *2 (N.D. Ill. 2003) (striking allegations on court's own motion), especially when those allegations are no longer at issue.

Dated: December 20, 2007

                                                  /s/ Mary B. Matterer
                                                  Mary B. Matterer (I.D. No. 2696)
                                                  MORRIS JAMES LLP
                                                  500 Delaware Avenue, 15th Floor
                                                  Wilmington, DE 19801
                                                  Telephone: (302) 888-6800
                                                  mmatterer@morrisjames.com

                                                  Asim Bhansali
                                                  Klaus H. Hamm
                                                  KEKER & VAN NEST LLP
                                                  710 Sansome Street
                                                  San Francisco, CA 94111
                                                  Telephone: (415) 391-5400

                                                  *Attorneys for Defendant*
                                                  *Impax Laboratories, Inc.*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ENDO PHARMACEUTICALS INC. and PENWEST PHARMACEUTICALS CO., <br><br> Plaintiffs, <br><br> v. <br><br> IMPAX LABORATORIES, INC., <br><br> Defendant. | Case No. C. A. No. 07-731*** |

## [PROPOSED] ORDER

WHEREAS, the Court having considered Defendant's Motion to Strike Immaterial And Impertinent Allegations From Plaintiffs' Complaint;

IT IS HEREBY ORDERED this ____ day of _____, 2007 that the Motion is GRANTED.

_____
U.S. District Court Judge

## **RULE 7.1.1 CERTIFICATION**

The undersigned certifies that counsel for plaintiffs has been contacted and the parties have been unable to resolve the issues presented in this Motion.

_____
Mary B. Matterer (#2696)