MORRIS, NICHOLS, ARSHT & TUNNELL LLP

1201 NORTH MARKET STREET
P.O. BOX 1347
WILMINGTON, DELAWARE 19899-1347

302 658 9200
302 658 3989 FAX

JACK B. BLUMENFELD
302 351 9291
302 425 3012 Fax
jblumenfeld@mnat.com

January 11, 2008

The Honorable Leonard P. Stark                    *VIA ELECTRONIC FILING*
United States District Court
   For the District of Delaware
844 North King Street
Wilmington, DE  19801

    Re: *Endo Pharmaceuticals Inc., et al. v. Impax Laboratories, Inc.*
      C.A. No. 07-731 (***)

Dear Judge Stark:

  Attached is the parties' proposed scheduling order (Exh. A) for the telephone conference on January 16 at 3:00 p.m. Where the parties have not been able to agree, their proposals are set forth in brackets.

  Also attached, for Your Honor's convenience, is a chart summarizing the parties' proposals (Exh. B).

                    Respectfully,

                     */s/ Jack B. Blumenfeld*

                     Jack B. Blumenfeld (#1014)

JBB/dlb
Enclosure
cc: Clerk of Court (Via Hand Delivery; w/ encl.)
   Mary B. Matterer, Esquire (Via Electronic Mail and Hand Delivery; w/ encl.)
   Asim Bhansali, Esquire (Via Electronic Mail; w/ encl.)

EXHIBIT A

Case 1:07-cv-00731-GMS    Document 19-2    Filed 01/11/2008    Page 1 of 9

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ENDO PHARMACEUTICALS INC. and<br>PENWEST PHARMACEUTICALS CO.,<br><br>　　　　　　　　　　Plaintiffs,<br><br>　　v.<br><br>IMPAX LABORATORIES, INC.,<br><br>　　　　　　　　　　Defendant. | C.A. No. 07-731 (***) |

[PROPOSED] SCHEDULING ORDER

This ____ day of _____, 2008, the Court having conducted an initial Rule 16 scheduling and planning conference pursuant to Local Rule 16.2(a) on JANUARY 16, 2008, and the parties having determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation, or binding arbitration;

IT IS ORDERED that:

1. Rule 26(a)(1) Initial Disclosures and E-Discovery Default Standard.

The parties shall make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) no later than February 1, 2008. The parties have reviewed the Court's Default Standard for Discovery of Electronic Documents, which is posted at http://www.ded.uscourts.gov (see Orders, etc., Policies & Procedures, Ad Hoc Committee for Electronic Discovery) and are continuing to meet and confer regarding the standard for discovery and preservation of electronic documents.

2. Joinder of Other Parties and Amendment of Pleadings.  All motions to join other parties, and to amend or supplement the pleadings shall be filed on or before June 13, 2008.

3. Discovery.

    a. <u>Limitation on Hours for Deposition Discovery</u>. Each side is limited to a total of [Plaintiffs: 100 hours / Impax 70 hours] of taking testimony by deposition of fact witnesses upon oral examination. This limitation does not apply to taking testimony by deposition upon oral examination of experts.

    b. <u>Location of Depositions</u>. Any party or representative (officer, director, or managing agent) of a party filing a civil action in this district court must ordinarily be required, upon request, to submit to a deposition at a place designated within this district. Exceptions to this general rule may be made by order of the Court. A defendant who becomes a counterclaimant, cross-claimant, or third-party plaintiff shall be considered as having filed an action in this Court for the purpose of this provision.

    c. <u>Discovery Cut Off</u>. All non-expert discovery in this case shall be initiated so that it will be completed on or before December 21, 2008. The Court encourages the parties to serve and respond to contention interrogatories early in the case. Unless otherwise ordered by the Court, the limitations on discovery set forth in Local Rule 26.1 shall be strictly observed.

    d. <u>Disclosure of Expert Testimony</u>. For the party who has the initial burden of proof on the subject matter, the initial Federal Rule 26(a)(2) disclosure of expert testimony is due on or before January 12, 2009. The supplemental disclosure to contradict or rebut evidence on the same matter identified by another party is due on or before February 12, 2009. Along with the submissions of the expert reports, the parties shall advise of the dates and times of their experts' availability for deposition. All expert discovery shall be completed by March 20, 2009.

    e. To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993), as incorporated in Federal Rule of Evidence 702, it shall be made by motion no later than the deadline for dispositive motions set forth herein, unless otherwise ordered by the Court.

    f. <u>Discovery Matters</u>. Should counsel find they are unable to resolve a discovery matter, the parties involved in the discovery matter(s) shall contact chambers at (302) 573-4571 to schedule a telephone conference. Not less than forty-eight (48) hours prior to the conference, the party seeking relief shall file with the Court a letter, not to exceed three (3) pages, outlining the issues in dispute and its position on those issues. Not less than twenty-four (24) hours prior to the conference, any party opposing the application for relief may file a letter, not to exceed three (3) pages, outlining that party's reasons for its opposition. Should any document(s) be filed under seal, a copy of the sealed document(s) must be provided to the Magistrate Judge within one (1) hour of e-filing the document(s). Should the Court find further briefing necessary upon conclusion of the telephone conference, the Court will order it. Disputes over protective orders or motions for extension of time for briefing case dispositive motions which are related to discovery matters are to be addressed in the first instance in accordance with this paragraph.

  4. <u>Application to Court for Protective Order.</u> Should counsel find it will be necessary to apply to the Court for a protective order specifying terms and conditions for the disclosure of confidential information, counsel should confer and attempt to reach an agreement on a proposed form of order and submit it to the Court within ten days from the date of this

Order. Should counsel be unable to reach an agreement on a proposed form of order, the counsel must first follow the provisions of Paragraph 3(f) above.

Any proposed order should include the following paragraph:

Other Proceedings. By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated "confidential" [the parties should list any other level of designation, such as "highly confidential," which may be provided for in the protective order] pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

5. Papers Filed Under Seal. When filing papers under seal, counsel should deliver to the Clerk an original and one copy of the papers.

6. ADR Process. This matter is referred to a magistrate judge to explore the possibility of alternative dispute resolution.

7. Interim Status Report. On November 15, 2008, counsel shall submit a letter to the Court with an interim report on the nature of the matters in issue and the progress of discovery to date.

8. Status Conference. On November _, 2008, the Court will hold a Rule 16(a), (b) and (c)) conference by telephone with counsel beginning at _ _.m. Plaintiff's counsel shall initiate the telephone call. At the time of this conference, counsel shall also be prepared to discuss the progress, if any, of settlement discussions and shall be prepared to discuss the possibility of setting up a settlement conference with the Court, counsel and their clients.

If all parties agree that there is nothing to report, nor anything to add to the interim status report or to this order, they shall notify the Court in writing before the conference is scheduled to occur, and the conference will be taken off of the Court's calendar.

9. <u>Tutorial Describing the Technology and Matters in Issue</u>. The parties shall provide the Court by [Plaintiffs: June 1, 2009 / Impax: September 17, 2008], a tutorial on the technology at issue. In that regard, each party may submit a videotape/CD of not more than 30 minutes. The parties may choose to present the tutorial in person. In either event, the tutorial should focus on the technology in issue and should not be used to argue the parties' claims construction contentions. If the parties choose to file videotapes/CDs, they should be filed under seal as part of the Court's file, subject to any protective order in effect. Each party may comment, in writing (in no more than 5 pages) on the opposing party's videotape/CD tutorial. Any such comment shall be filed within ten (10) days of submission of the videotapes/CDs. As to the format selected, the parties should confirm the Court's technical abilities to access the information contained in the tutorial.

10. <u>Case Dispositive Motions</u>. Any party that wishes to file a motion for summary judgment shall submit a letter brief of no more than 5 pages to the Court no later than [Plaintiffs: July 1, 2009 / Impax: March 27, 2009] explaining why no material facts exist and seeking permission to file the motion. Any response to such a letter brief would be due 5 days after service of the letter brief and is limited to 5 pages. Any reply letter brief would be due 2 days after service of the responsive letter brief and would be limited to 3 pages. Upon reviewing any such letter briefs, the Court will then determine whether the filing of any summary judgment motion will be permitted. All case dispositive motions, an opening brief, and affidavits, if any, in support of the motion shall be served and filed on or before [Plaintiffs: July 24, 2009 / April 17, 2009]. The responsive brief, and affidavits, if any, in opposition to the motion shall be served and filed [Plaintiffs: on or before August 18, 2009 / Impax: on or before

5

May 4, 2009]. The reply brief, if any, shall be served and filed [Plaintiffs: on or before August 28, 2009 / Impax: on or before May 14, 2009].

        11.    <u>Claim Construction Issue Identification</u>. If the Court does not find that a limited earlier claim construction would be helpful in resolving the case, on [Plaintiffs: December 31, 2008 / Impax: September 10, 2008], the parties shall exchange a list of those claim term(s)/phrase(s) that they believe need construction and their proposed claim construction of those term(s)/phrase(s). This document will not be filed with the Court. Subsequent to exchanging that list, the parties will meet and confer to prepare a Joint Claim Construction Chart to be submitted on [Plaintiffs: April 10, 2009/ Impax: September 24, 2008]. The parties' Joint Claim Construction Chart should identify for the Court the term(s)/phrase(s) of the claim(s) in issue, and should include each party's proposed construction of the disputed claim language with citation(s) only to the intrinsic evidence in support of their respective proposed constructions. A copy of the patent(s) in issue as well as those portions of the intrinsic record relied upon shall be submitted with this Joint Claim Construction Chart. In this joint submission, the parties shall not provide argument.

        12.    <u>Claim Construction</u>. The parties shall contemporaneously submit initial briefs on claim construction issues on [Plaintiffs: April 17, 2009 / Impax: October 15, 2008]. The parties' answering/responsive briefs shall be contemporaneously submitted on [Plaintiffs: May 15, 2009 / Impax: November 14, 2008]. No reply briefs or supplemental papers on claim construction shall be submitted without leave of the Court. Local Rule 7.1.3(4) shall control the page limitation for initial (opening) and responsive (answering) briefs.

      13.      <u>Hearing on Claim Construction</u>. Beginning at _ _m. on [Plaintiffs: June 15, 2009 / Impax: January _, 2009], the Court will hear evidence and argument on claim construction.

      14.      <u>Applications by Motion</u>. Except as otherwise specified herein, any application to the Court shall be by written motion filed with the Clerk. Unless otherwise requested by the Court, counsel shall not deliver copies of papers or correspondence to Chambers. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

      15.      <u>Pretrial Conference</u>. On [Plaintiff: December _, 2009 / Impax: June _, 2009], the Court will hold a Final Pretrial Conference in Chambers with counsel beginning at _____ _.m. Unless otherwise ordered by the Court, the parties should assume that filing the pretrial order satisfies the pretrial disclosure requirement of Federal Rule of Civil Procedure 26(a)(3). The parties shall file with the Court the joint proposed final pretrial order with the information required by the form of Final Pretrial Order which accompanies this Scheduling Order on or before [Plaintiffs: October 19, 2009 / May 28, 2009].

      16.      <u>Motions *in Limine.*</u> Motions *in limine* shall not be separately filed. All *in limine* requests and responses thereto shall be set forth in the proposed pretrial order. Each party shall be limited to five *in* limine requests, unless otherwise permitted by the Court. The *in limine* request and any response shall contain the authorities relied upon; each *in limine* request may be supported by a maximum of three pages of argument and may be opposed by a maximum of three pages of argument. If more than one party is supporting or opposing an *in limine* request, such support or opposition shall be combined in a single three (3) page submission, unless

otherwise ordered by the Court. No separate briefing shall be submitted on *in limine* requests, unless otherwise permitted by the Court.

    17. <u>Trial</u>. This matter is scheduled for a five day bench trial beginning at 9:30 a.m. on [Plaintiff: December _, 2009 / Impax: June _, 2009], with the subsequent trial days beginning at 9:00 a.m. For the purpose of completing pretrial preparations, counsel should plan on each side being allocated a total of 15 hours to present their case.

                    _____
                     UNITED STATES MAGISTRATE JUDGE

# EXHIBIT B

**Endo Pharmaceuticals Inc., et al. v. Impax Laboratories, Inc.**
C.A. No. 07-731 (***)

**Chart Summarizing Parties' Proposals for Case Schedule**

| Event | Plaintiffs' Proposal | Impax's Proposal |
|---|---|---|
| Service of Rule 26(a) initial disclosures by | February 1, 2008 ||
| Motions to join parties/amend pleadings by | June 13, 2008 ||
| Interim status report | November 15, 2008 ||
| Status conference | November __, 2008 ||
| Fact discovery cutoff | December 21, 2008 ||
| Exchange claim terms for construction by | December 31, 2008 | September 10, 2008 |
| Initial expert reports due | January 12, 2009 ||
| Rebuttal expert reports due | February 12, 2009 ||
| Expert discovery cutoff | March 20, 2009 ||
| Joint Claim Construction Chart due by | April 10, 2009 | September 24, 2008 |
| Initial claim construction briefs due by | April 17, 2009 | October 15, 2008 |
| Responsive claim construction briefs due by | May 15, 2009 | November 14, 2008 |
| Tutorial describing the technology at issue | June 1, 2009 | September 17, 2008 |
| *Markman* Hearing on | June 15, 2009 | January __, 2009 |
| Request to file dispositive motions due by | July 1, 2009 | March 27, 2009 |
| Dispositive motions filed on or before | July 24, 2009 | April 17, 2009 |
| Opposition to dispositive motions due by | August 18, 2009 | May 4, 2009 |
| Dispositive motion reply briefs due by | August 28, 2009 | May 14, 2009 |
| Joint Final Pretrial submitted by | October 19, 2009 | May 28, 2009 |
| Pretrial Conference | December __, 2009 | June __, 2009 |
| Trial date | December __, 2009 | June __, 2009 |

1381818