IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

ENDO PHARMACEUTICALS INC. and
PENWEST PHARMACEUTICALS CO.,

Plaintiffs,

v.

IMPAX LABORATORIES, INC.,

Defendant.

Case No. C. A. No. 07-731

## STIPULATION AND [PROPOSED] ORDER
## REGARDING ELECTRONIC DISCOVERY

After having met and conferred regarding the scope and extent of electronic discovery to be undertaken in this matter, and in accordance with paragraph 1 of the Scheduling Order entered in this matter on January 17, 2008, the parties stipulate and agree as follows:

Pursuant to the schedule set forth below, each party shall disclose the information listed therein for any relevant, reasonably accessible electronic systems that it has had in place during any relevant time.  The parties shall not be required to disclose such information concerning electronic systems that are not reasonably accessible (for example, disaster recovery systems and/or obsolete systems that are not reasonably searchable using the party's current technology platform), to conduct searches of electronic systems that are not reasonably accessible, or to allow on-site inspection of electronic media, except upon a showing of good cause.

In order to avoid unduly burdensome document processing, production and review, each party shall be permitted to use electronic de-duplication and filtering software so as not to produce multiple copies of identical documents (including emails) (documents containing hand-written notes shall not be considered to be identical to a copy of the same document which does not contain those notes).  In addition, the parties need not produce non-human readable electronic documents (for example documents that include only machine readable language), except upon a  showing of good cause.  The form of software and method used for de-duplication

and filtering of non-human readable files shall be consented to by the receiving party in advance of production.

The parties shall meet and confer regarding search terms to identify possibly relevant/responsive documents, as contemplated by the schedule below.

Plaintiffs shall produce electronic documents to Defendant as single-page TIFFs, with multi-page text files and load files for Concordance and Opticon, and Defendant shall produce electronic documents to Plaintiffs as multi-page TIFFs with an Introspect IDX load file. The parties may agree upon alternate production formats and the parties shall negotiate separately on production format for documents that are not reasonably accessible as TIFFs, such as large spreadsheets, audio and video files, and animations.

The parties must take steps reasonably necessary to ensure that potentially relevant electronic information is preserved, and provide confirmation per the schedule below.

The terms of any protective order entered in this matter, including with respect to the designation of any electronic documents or information as confidential and with respect to any inadvertently produced privileged or attorney work product documents, shall apply to electronic documents and information to the same extent as they apply to any hard-copy documents and information.

Nothing in this Stipulation shall alter the parties' obligation to search for and produce paper copies of documents in their possession, custody or control which may be responsive to discovery requests served in this matter.

The e-discovery procedures shall proceed according to the following schedule:

| Event | Date |
|---|---|
| Each party shall provide a list of the most likely custodians of relevant electronically stored information, including a brief description of each person's or group's title and responsibilities. | February 1, 2008 |
| Each party shall provide a list of each relevant reasonably accessible electronic system that has been in place at any relevant time, and a description of each system. | February 1, 2008 |

| | |
|---|---|
| Each party shall provide a list of proposed keyword search terms to be used by the opposing party in searching for electronic documents. | February 8, 2008 |
| The parties shall meet and confer regarding keywords lists and any issues related to the above disclosures. | by February 15, 2008 |
| Each party shall confirm that it has taken the steps reasonably necessary to preserve potentially relevant documents on each relevant reasonably accessible electronic system. | February 20, 2008 |

_____/s/ Julia Heaney_____
Jack B. Blumenfeld #1014
Mary B. Graham #2256
Julia Heaney #3052
MORRIS, NICHOLS, ARSHT & TUNNELL LLP
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
jblumenfeld@mnat.com
mgraham@mnat.com
jheaney@mnat.com

*Attorneys for Plaintiffs*
*Endo Pharmaceuticals Inc. and*
*Penwest Pharmaceuticals Co.*

_____/s/ Mary B. Matterer_____
Mary B. Matterer #2696
MORRIS JAMES LLP
500 Delaware Avenue, Suite 1500
Wilmington, DE 19801-1494
(302) 888-6800
mmatterer@morrisjames.com

*Attorneys for Defendant*
*Impax Laboratories, Inc.*


**SO ORDERED** this _____ day of January, 2008.


_____
United States District Court Judge